HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RUDY ST. GERMAIN, et al.,

    Plaintiffs,

  v.

UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,

    Defendants.

CASE NO. C13-945RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on Defendants' motion for an order declaring the standards of review applicable to Plaintiffs' claims. No one requested oral argument, and the court finds that oral argument is not necessary. For the reasons stated below, the court directs the clerk to TERMINATE the motion. Dkt. # 29. The court neither grants nor denies the motion, but instead issues instructions for bringing this case to a resolution.

## II. BACKGROUND

The court addressed this case in June 2013, when it denied Plaintiffs' request for a temporary restraining order to stop an ongoing "Secretarial election" regarding a proposed amendment to the constitution of the Nooksack Indian Tribe of Washington (the "Tribe"). As the court explained in its prior order, a Secretarial election is a federally-supervised election in which tribe members vote on adopting or amending tribal constitutions. Section 16 of the Indian Reorganization Act of 1934 authorizes Secretarial

ORDER – 1

elections. 25 U.S.C. § 476. That section of the Act requires the Secretary of the Department of the Interior to call and hold elections on the receipt of a tribal request, to undertake pre-election review of the proposed constitution or amendments, and to consider the results of the election and ratify them (whether by affirmative action or inaction). 25 U.S.C. § 476(c)-(d). Part 81 of Title 25 of the Code of Federal Regulations consists of regulations governing the Secretary's conduct with respect to the elections. The regulations include provisions for voter registration, challenges to voter eligibility, polling places and times, absentee balloting, certification of election results, and more.

The Secretarial election in this case concluded on June 21, 2013, and the court takes judicial notice that on June 24, 2013, the election board convened by Judith Joseph, the Superintendent of the Puget Sound Agency of the Bureau of Indian Affairs ("BIA"), certified that the Tribe had adopted the constitutional amendment at issue by a vote of 377 for and 239 against. The amendment deleted from the Tribe's constitution a provision that granted membership in the Tribe to "persons who possess at least one-fourth (1/4) degree Indian blood and who can prove Nooksack ancestry to any degree."

The Plaintiffs in this case are two Tribe members who asserted last year that the constitutional amendment, coupled with ongoing efforts by various factions of the Tribe to "disenroll" certain members, would result in the disenrollment of them and about 300 other Tribe members. The court does not know if anyone has been disenrolled to date, despite the election results.

Plaintiffs filed this suit against the Department of the Interior, the Secretary, and a host of Interior and BIA officials, including Ms. Joseph, just three weeks before the conclusion of the election and filed their amended complaint just four days before the conclusion of the election. The complaint asserts five causes of action: that Defendants violated the Indian Reorganization Act in failing to reject the constitutional amendment for failure to comply with the Indian Civil Rights Act and other laws, that Defendants

ORDER – 2

violated the Fifth And Fifteenth Amendments to the United States Constitution, that Defendants violated the Administrative Procedures Act ("APA") both by authorizing the election and in regulating voter registration and balloting, that Defendants breached the trust duties that the United States owes the Tribe and its members, and that Defendants violated the Freedom of Information Act ("FOIA") by failing to respond properly to requests for information that Plaintiffs submitted in March and May 2013

On June 19, 2013, the court declined to issue a temporary restraining order to stop the election. The court concluded that Plaintiffs were unlikely to succeed on the merits of either their claim invoking the Indian Reorganization Act or their APA claim, and that given the availability of post-election judicial review, Plaintiffs could not establish that they were likely to suffer irreparable harm if the court did not stop the election.

So far as the record reveals, not much has happened since June 2013 to advance this suit to a resolution. Despite the court's assessment of the merits of some of Plaintiffs' claims in its prior order, and the Defendants' assessment of the merits of some of those claims in the motion before the court, Defendants have not filed a motion to dismiss any claim. Although the parties agree that summary judgment motions should resolve Plaintiffs' FOIA claim, no one has filed a summary judgment motion. Although Defendants at least admit that review of the "administrative record" is necessary to resolve Plaintiffs' other claims, the court has no idea if Defendants have provided Plaintiffs with an administrative record or portions of it.

### III.  ANALYSIS

In lieu of complying with the court's standard preliminary scheduling order, which sets deadlines for initial disclosures, a discovery conference, and submission of a joint status report, the parties filed the motion now before the court. That motion is, on its face, a motion for the court to declare the standard of review applicable to each of Plaintiffs' causes of action. It is also, however, a motion to absolve Defendants of

ORDER – 3

ordinary discovery obligations.  Putting aside the FOIA claim, for which the parties agree that discovery should come later (if at all), Defendants insist that Plaintiffs' claims are uniformly subject only to review to determine if Defendants' actions were arbitrary and capricious.  They insist that the court must make that determination solely on the basis of the administrative record, and that discovery is thus categorically inappropriate.

The court cannot grant Defendants' motion.  Challenges to Secretarial elections are rare, and authority (especially Ninth Circuit authority) governing those challenges is also rare.  As the parties concede, § 16 of the Indian Reorganization Act authorizes a suit "to enforce the provisions of this section . . . in the appropriate Federal district court," 25 U.S.C. § 476(d)(2), but declares no standard of review applicable to the suits it authorizes.  Thus, even if Defendants are correct that Plaintiffs' remaining claims (other than their FOIA claim) are APA claims that must be resolved solely on review of an administrative record,[1] they must still contend with the Indian Reorganization Act claim.  The court declines to make a blanket declaration of the standard of review applicable to claims brought under § 16 of that Act, particularly where it can only guess as to what claims Plaintiffs will ultimately pursue.  It is possible that some § 16 claims must be resolved on review of an administrative record and that others require discovery.

Also counseling against a decision on Defendants' motion is that the court has no idea what the "administrative record" in this case consists of, and thus is in no position to decide whether Plaintiffs are entitled to discovery beyond that record.  Indeed, based on the motion before the court, the court cannot be certain if Plaintiffs will even request discovery beyond the administrative record.

---

[1] The court suggests no opinion on Defendants' claim that every APA action (which, in Defendants' view, includes every claim that depends on the APA's sovereign immunity waiver, 5 U.S.C. § 702) demands review solely for arbitrary and capricious action, nor their claim that every such action must be resolved solely on an administrative record.

ORDER – 4

Rather than offer an advisory opinion on claims that Plaintiffs may or may not pursue, and rather than opine on the adequacy of an administrative record that the court has not seen, the court orders as follows:

1) Defendants shall produce the administrative record as soon as is practicable, if they have not done so already.  They shall file the administrative record no later than July 11.  If they wish to request an extension of this deadline, they must, at a minimum, file a motion demonstrating the court why they did not have adequate time to prepare an administrative record in the more than eight months since they filed their answer.

2) Plaintiffs shall review the administrative record and, no later than July 25, they shall meet and confer with Defendants to discuss whether they believe the administrative record is complete, and whether they believe they need discovery beyond the administrative record.

3) Assuming the parties do not reach agreement, Plaintiff shall serve discovery requests no later than August 8.  If Defendants still contend that they have no obligation to provide any discovery because this action should be tried on the administrative record, they shall file a motion for protective order no later than August 29.  Otherwise, they shall provide timely responses to the discovery, after which Plaintiff may move to compel or seek other relief as appropriate.

4) No later than September 17, the parties shall submit a joint statement informing the court of what proceedings are necessary to bring this case to a resolution.  If they propose submitting dispositive motions, they shall propose deadlines for those motions.

5) The court exempts the parties from the initial disclosure requirements of Federal Rule of Civil Procedure 26(a)(1).  They shall comply with this order in lieu of conducting a Rule 26(f) discovery conference.

ORDER – 5

6) Nothing in this order shall be construed as precluding the parties from filing dispositive motions consistent with this District's Local Rules.  Indeed, given that some of the claims that the court addressed last year involved purely legal issues,[2] the court is not certain why the parties have not already done so.  The court only requires that the parties meet and confer before filing any dispositive motion, so that they may determine any areas of agreement and reduce the number and length of any motions they file.  The parties shall certify their compliance with this requirement in any dispositive motion they file.

## IV.   CONCLUSION

For the reasons stated above, the court directs the clerk to TERMINATE Defendant's motion to declare a standard of review.  Dkt. # 29.

Dated this 18th day of June, 2014.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Court Judge

---

[2] For example, Plaintiffs' claimed that the Secretary erred by failing to declare (both before and after the election) that the constitutional amendment is "contrary to applicable laws."  25 U.S.C. § 476(c)(2)(B) (governing Secretary's pre-election review of a proposed amendment), § 476(d)(1) (governing Secretary's post-election review of an amendment adopted by a tribe).  That claim is, so far as the court is aware, purely legal.  It involves only a comparison of the proposed amendment to whatever "applicable laws" Plaintiffs designate.  The court's review of a purely legal issue is the same regardless of the standard of review.  If Defendants implicitly suggest that the court ought to accept their view of whether the proposed amendment applies with applicable laws only if their interpretation of the amendment or laws is arbitrary or capricious, they have cited no authority for that proposition.

ORDER – 6