HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUDY ST. GERMAIN, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,<br><br>   Defendants. | CASE NO. C13-945RAJ<br><br>ORDER |

## I.   INTRODUCTION

This matter comes before the Court on Defendants United States Department of Interior ("DOI"), Bureau of Indian Affairs ("BIA"), Sally Jewell, Kevin K. Washburn, Scott Akin, and Judith R. Joseph's (collectively, "Defendants") Cross-Motion for Summary Judgment of Dismissal (Dkt. # 53) and Plaintiffs Rudy St. Germain and Michelle Roberts' ("Plaintiffs") Motion for Voluntary Dismissal (Dkt. # 56).  For the reasons set forth below, the Court **DENIES** Defendants' Motion for Summary Judgment and **GRANTS** Plaintiffs' Motion for Voluntary Dismissal**.**

## II.   BACKGROUND

Plaintiffs filed this action on May 31, 2013.  *See* Dkt. # 1.  As originally conceived, Plaintiffs' Complaint alleged a single cause of action based on a Freedom of Information Act ("FOIA") request submitted to the BIA on March 8, 2013.  *Id.* ¶ 9.  Less than a month later, Plaintiffs filed an amended complaint along with an application for a

ORDER – 1

temporary restraining order. *See* Dkt. # 3-17, 18. This amended complaint retained the original FOIA claim but added claims pursuant to the Indian Reorganization Act, 25 U.S.C. § 476, the Fifth and Fifteenth Amendments to the United States Constitution, the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, and for breach of trust. *See* Dkt. # 3 ¶¶ 83-107. These claims were based on allegations that the Defendants acted wrongly in conducting a secretarial election concerning a proposed amendment to the Nooksack Constitution relating to tribal membership eligibility. *See id.* ¶¶ 24-63. This Court denied Plaintiffs' request for a temporary restraining order on June 19, 2013 (Dkt. # 25) and dismissed most of Plaintiffs' claims in ruling on Defendants' motion for partial summary judgment on May 20, 2015 (Dkt. # 44).

Plaintiffs filed their second amended complaint on June 15, 2015 pursuant to a stipulation between the Parties. *See* Dkt. # 47-49. That complaint alleges just a single cause of action based on a July 1, 2013 FOIA request sent to the BIA's Northwest Regional Office. *See* Dkt. # 49 ¶¶ 19-20. Neither Plaintiffs' FOIA claim based on its March 8, 2013 request nor their Administrative Procedures Act claim was included in the second amended complaint.

Less than a month after filing their second amended complaint, Plaintiffs moved for summary judgment. *See* Dkt. # 50. In response, Defendants opposed and brought their own cross-motion for summary judgment, arguing that this Court did not have subject matter jurisdiction over this case. *See* Dkt. # 53. On August 13, 2015, Plaintiffs filed a motion for voluntary dismissal. *See* Dkt. # 56.

### III.   LEGAL STANDARDS

a. <u>Motion for Voluntary Dismissal Pursuant to Fed. R. Civ. P. 41(a)(2)</u>

Pursuant to Federal Rule of Civil Procedure 41(a)(1), a plaintiff may dismiss an action without a court order by filing: (1) a notice of dismissal prior to a defendant's service of an answer or motion for summary judgment or (2) a stipulation of dismissal signed by all appearing parties. Federal Rule of Civil Procedure 41(a)(2) provides that in

ORDER – 2

all other circumstances, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citing *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987)). "Plain legal prejudice is not merely the prospect of another lawsuit. Plain legal prejudice means prejudice to some legal interest, legal claim, or legal argument." *BP W. Coast Prods. LLC v. SKR Inc.*, 989 F. Supp. 2d 1109, 1116 (W.D. Wash. 2013) (citing *Smith*, 263 F.3d at 975) (internal citations omitted). In considering plain legal prejudice, a court may also consider whether a party has been dilatory in seeking dismissal. *See Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). Additionally, a court may consider whether the plaintiff is requesting a voluntary dismissal to avoid a near-certain adverse ruling. *See Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988). "The decision to grant a voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2) is addressed to the sound discretion of the district court." *Navellier v. Sletten*, 262 F.3d 923, 938 (9th Cir. 2001).

b. <u>Motion for Summary Judgment</u>

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the moving party meets

ORDER – 3

the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

### IV.  DISCUSSION

The instant matter comes before the Court with a rather unusual procedural posture. As originally filed, this Court had subject matter jurisdiction over Plaintiffs' claim under 5 U.S.C. § 552(a)(4)(B) based on Plaintiffs' claim that Defendants improperly withheld agency records, which became ripe twenty days after their filing of their appeal. *See* 5 U.S.C. § 552(a)(6)(A)(ii). *See Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980). Likewise, had Plaintiffs filed their second amended complaint *as a separate action* on June 15, 2015, this Court would also have had jurisdiction over Plaintiffs' claim as it alleges that Defendants did not timely respond to Plaintiffs' July 1, 2013 FOIA request. *See* Dkt. # 49 ¶ 19.

Defendants argue that this Court does not have jurisdiction over this action because it did not have jurisdiction over Plaintiffs' July 1, 2013 FOIA request when Plaintiffs filed their original complaint on May 31, 2013. *See* Dkt. # 54 at 5. In support of their argument, Defendants cite *Grupo Dataflux v. Atlas Global Group, L.P.*, which held that "the jurisdiction of the court depends upon the state of things at the time of the action brought." 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance*, 22 U.S. 536, 538 (1824)). Similarly, the Ninth Circuit has held that "[s]ubject matter jurisdiction must exist as of the time the action is commenced." *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380-81 (9th Cir. 1988).

At least one court has suggested that followed this line of reasoning in a similar case. *See Geschke v. Social Sec. Admin.*, No. C06-1256C, 2007 WL 1140281, at *13-14 (W.D. Wash. Apr. 17, 2007). In that case, the plaintiff brought an FOIA claim relating to

ORDER – 4

an FOIA request made prior to the filing of the lawsuit and also requested leave to amend to add claims relating to FOIA claims whose appeals had finished after the filing of the case. *Id.* at *12. The court held that it did not have jurisdiction to review the claims relating to plaintiff's first set of FOIA requests submitted in March 2005 because she had failed to exhaust her administrative appeals. *Id.* The court next held that it did not have jurisdiction over plaintiff's claims relating to a second set of FOIA claims whose administrative appeals were finalized well after the plaintiff's instigation of the original suit. *Id.* at *13.

Taken literally, these holdings suggest that this Court could not have had jurisdiction in May 2013 over the BIA's alleged withholding of documents in July 2013.

Plaintiffs, in turn, argue that this Court has always had jurisdiction over this action and, in any event, that Defendants cannot contest jurisdiction as they have not contested jurisdiction over the prior two years of litigation and, in fact, stipulated to the filing of Plaintiffs' second amended complaint. *See* Dkt. # 58 at 5-7. But Plaintiffs' arguments are unconvincing. Defendants could not have brought this specific jurisdictional challenge earlier because Plaintiffs did not raise their FOIA claim relating to the July 1, 2013 request until June 15, 2015. *Compare* Dkt. # 1 & 3 *with* Dkt. # 49. And it is hornbook law that "the parties cannot stipulate to jurisdiction where none exists." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Nevertheless, this Court still finds that it has jurisdiction over the instant suit.

The Supreme Court has instructed that when "a plaintiff files a complaint in federal court and voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007) (citing *Wellness Community–Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)). This is because "[t]he state of things and the originally alleged state of things are not synonymous." *Id.* at 473. Consequently, courts have instructed that "while [l]ater events

ORDER – 5

1  may not create jurisdiction where none existed at the time of filing, the proper focus in
2  determining jurisdiction are the facts existing at the time the complaint *under*
3  *consideration* was filed." *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036,
4  1044-45 (9th Cir. 2015) (quoting *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329,
5  1337 (Fed. Cir. 2008) (internal quotation marks omitted).  Thus, this Court looks to June
6  15, 2015 to determine if it had jurisdiction over Plaintiffs' claim.  It indisputably did.

7       Alternatively, this Court could also construe Plaintiffs' second amended complaint
8  as a supplemental pleading under Rule 15(d).

9       In *Northstar Fin. Advisors*, the Ninth Circuit affirmed the district court's denial of
10  a motion to dismiss for lack of standing.  779 F.3d at 1044.  That case arose out of a class
11  action on behalf of investors who alleged that managers of a certain mutual fund failed to
12  adhere to two of its fundamental investment objectives.  *Id.* at 1039.  The plaintiff's
13  complaint was originally dismissed for lack of standing as it owned no shares of the fund
14  but had brought the action in its own name without an assignment of claims from an
15  investor who actually owned shares in the fund.  *Id.* at 1043.  Several months later, the
16  plaintiff received such an assignment.  *Id.*  The plaintiff filed an amended complaint
17  which was similarly challenged for lack of standing, but this time the district court denied
18  the motion to dismiss holding that dismissal would "elevate[] form over substance" and
19  instead treated the court's prior "as granting plaintiff leave to file a supplemental
20  pleading under Rule 15(d)." *Id.* at 1044.

21       The Ninth Circuit affirmed this ruling.  The court held that "Rule 15(d) permits a
22  supplemental pleading to correct a defective complaint and circumvents 'the needless
23  formality and expense of instituting a new action when events occurring after the original
24  filing indicated a right to relief.'" *Id.* (quoting Wright, Miller, & Kane, Federal Practice
25  and Procedure: Civil 3d § 1505, pgs. 262-63).  One such defect was subject matter
26  jurisdiction.  *Id.*  Seeing as the supplemental pleading cured the standing deficiency, the
27  court affirmed the district court's ruling.  *Id.*  Crucially, the court distinguished both
28  ORDER – 6

*Morongo Band* and *Grupo Dataflux* on the grounds that they did not involve a supplemental pleading and, in the case of *Grupo Dataflux*, concerned diversity jurisdiction. *Id.* at 1046-47. Finally, the court noted that "[a] rule that would turn on the label attached to a pleading is difficult for us to accept." *Id.* at 1047.

Pursuant to this alternative ground, then, Plaintiffs' second amended complaint was a supplemental pleading which cured any jurisdictional defect for Plaintiffs' (admittedly un-pled) July 2013 FOIA claim by alleging post-complaint events establishing jurisdiction over that claim.

## V.   DISCUSSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion for Summary Judgment. Furthermore, because Defendants' sole argument for denial of Plaintiffs' Motion for Voluntary Dismissal is that this Court lacks subject matter jurisdiction (*see* Dkt. # 57 at 3), the Court also **GRANTS** Plaintiffs' Motion for voluntary dismissal. This case is hereby **DISMISSED without prejudice**. The Court also finds that Plaintiffs' Motion for Summary Judgment filed on July 15, 2015 is **DENIED as moot.**

Finally, Plaintiffs' Motion for Attorneys' Fees and Costs shall be filed **within sixty (60) days** of the filing of this Order.

Dated this 21st day of September, 2015.

The Honorable Richard A. Jones
United States District Judge

ORDER – 7